**BETTER BEVERAGES, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**S. A. STRANE and wife, Alice F. Strane, and Billy F. Strane, Individually and as Independent Executor of the Estate of Adele Strane, Deceased, Plaintiffs-Appellees,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 78–2880.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1980.

Robert I. White, Atty., Martin B. Whitaker, Houston, Tex., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, William A. Whitledge, Tax Division, U. S. Dept. of Justice, Washington, D. C., for United States.

Fulbright & Jaworski, Kenneth L. Stewart, Charles W. Hall, Houston, Tex., for S. A. Strane et al.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before JONES, GEE and REAVLEY,
Circuit Judges.

PER CURIAM:

Better Beverages reads our opinion to require that, to resist summary judgment, it must present proof of the *exact* value of the covenant mutually agreed upon by the seller and buyer. That is not the holding; we hold that Better Beverages suffered judgment because it failed to raise a fact issue that it was required to pay any portion of the total price in order to obtain the covenant. The summary judgment proof showed complete indifference on the part of the sellers to the clause in the contract preventing their subsequent competition with buyers. If there were any proof that the covenant played any part in the bargain or that the sellers placed any value on it, the summary judgment would be unwarranted. There was not. No fact issue existing that buyer was required to pay for the covenant, summary judgment was proper.

Our holding is that, for tax purposes, to ascribe value to a covenant not to compete means the value which was the product of a realistic, bargained exchange between the parties and not some abstract figure of market value or what might have been a fair and equitable cost. To escape summary judgment the seller's unilateral ascription of value or importance are not enough. We reject the argument that the very fact that the buyer was willing to pay for the covenant plus its inclusion in the contract establish that the covenant must have been of some value to the seller and that he must have extracted that value in the exchange from the buyer.

The Petition for Rehearing on behalf of Better Beverages, Inc. is DENIED and no member of this panel nor Judge in regular service of the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Petition for Rehearing En Banc is DENIED.